MHN

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| JANICE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 09 C 7686 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO and AFSCME LOCAL 505 COUNSIL 31 UNION, | ) | Honorable Charles R. Norgle |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the Court are two motions to dismiss, one by Defendant AFSCME Counsel 31 and Local 505 ("AFSCME") and one by the City of Chicago (the "City"). Plaintiff Janice Johnson ("Johnson") initiated this case *pro se* on December 9, 2009, alleging two claims pursuant to the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. Defendants have challenged Johnson's claims on a variety of grounds, and the Court shall decide their motions concurrently. For the following reasons, AFSCME's motion is granted with prejudice, and the City's motion is denied.

## I. BACKGROUND

The Court takes the following facts from Johnson's amended complaint. Johnson began working as a Public Health Aide in the City's Department of Health (the "Department") on June 15, 1998. Her duty location was the West Side Center for Disease Control, which allegedly "received federal funding assistance in the form of grants and vaccines to go out in the community and update high risk populations for immunity of communicable diseases." Am.

Compl. at 6. At all relevant times, Johnson suffered from Sickle Cell Disease. Her supervisors were aware of her condition, and she alleges that despite her condition she was able to perform the essential functions of her job without an accommodation. Then, at some point in February 2008, she was hospitalized because of her condition. On March 10, 2008 she returned to work and requested an accommodation to aid in her recovery. Specifically, she requested a desk assignment, where she would field telephone calls and complete mailings until she "regained full function of her ambulatory skills." Id. at 7. In light of her request, an unidentified individual provided Johnson with certain accommodation forms for her physician to complete. Johnson was required to return the completed forms to the Department's downtown location. In the meantime, her supervisor instructed her to report to the same location for reinstatement.

On March 14, 2008 Johnson arrived at the downtown location with her completed accommodation forms. While there, she was called into a meeting with two Department employees and two representatives from AFSCME, the union to which Johnson belonged. AFSCME maintained a collective bargaining agreement with the City. At the meeting one of the attendees handed Johnson a letter that was pre-dated March 10, 2008. The letter said:

> [E]mployee time records indicate that you were scheduled to return to work from a 10 day suspension on Friday, February 29, 2008. Further, the Department does not have any records indicating that you, or anyone representing you, contacted the Department concerning your absence. Therefore . . . you were absent more than five (5) consecutive days under circumstances which constitute a break in service. Accordingly, based on the foregoing, your employment will be terminated effective March 10, 2008.

City Reply, Ex. D.[1] After Johnson reviewed the letter, she asked the group whether she was fired. Instead of receiving a "yes" or "no" answer, one of the representatives advised her to go

[1] The Court is aware that when considering a motion to dismiss it is generally confined to the allegations in the complaint. McCready v. eBay, Inc., 453 F.3d 882, 891 (7th Cir. 2006). But, in this case, Johnson specifically refers to the documents that the City attached to its pleadings in her amended complaint. The Seventh Circuit has determined that documents are "considered part of the pleadings if they are referred to in the plaintiff's complaint

home and wait for a response by mail. A few days later, the City allegedly processed Johnson's completed forms and sent her a letter denying her accommodation request. The parties have not attached this letter to the current pleadings.

Then, months after the parties' meeting, Johnson received a letter dated July 30, 2008, in which the Commissioner of the Department explained that Johnson failed to attend a "pre-disciplinary hearing" and failed to respond to a notification that her discharge "was under consideration." City Reply, Ex. E. It went on, stating that the Commissioner had reviewed the charges against Johnson and reached a decision to discharge her, "effective Friday, August 1, 2008." Id. Johnson alleges, though, that she did not receive any notice of a pre-disciplinary meeting and the Department terminated her because of her disability. She eventually filed this lawsuit.

## II. DISCUSSION

### A. STANDARD OF DECISION

As always, we take the allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff for purposes of determining whether they state a claim for relief under Rule 12(b)(6). See, e.g., Sprint Spectrum L.P. v. City of Carmel, Ind., 361 F.3d 998, 1001 (7th Cir. 2004). When reviewing a motion to dismiss under Rule 12(b)(6), the court merely looks at the sufficiency of the complaint, Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 508 (2002); Johnson v. Rivera, 272 F.3d 519, 520-21 (7th Cir. 2001); it does not decide whether the plaintiff has a winning claim. See McCormick v. City of Chi., 230 F.3d 319, 323-26 (7th Cir. 2000) (citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)). Rule 8(a) requires that a complaint contain a "short plain statement of the claim showing that the pleader is entitled to

---

and are central to his claim." 188 LLC v. Trinity Indus., Inc., 300 F.3d 730, 735 (7th Cir. 2002). The Court shall therefore consider the letters to which both parties refer when deciding the Defendants' motions to dismiss.

relief." FED. R. CIV. P. 8(a). This short, plain statement, however, must be enough to give the defendant fair notice of what the claim is and the grounds upon which it rests. Killingsworth v. HSBC Bank Nev., N.A., 507 F.3d 614, 618 (7th Cir. 2007); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-555 (2007). The complaint must also contain sufficient allegations based on more than speculation to state a claim to relief that is plausible on its face. E.E.O.C. v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007).

**B. AFSCME's MOTION TO DISMISS**

Initially, Johnson has agreed to dismiss her ADA claim against AFSCME; thus, AFSCME's motion to dismiss Johnson's ADA claim is granted with prejudice. As to her Rehabilitation Act claim, Johnson alleges that AFSCME failed to provide her with proper representation in connection with her termination, and thus the union violated the Act. To state a claim under the Rehabilitation Act, a plaintiff must allege that: (1) she is disabled under the Act; (2) she is otherwise qualified for the position; (3) she has been excluded from the position based solely on her disability; and (4) the position exists as part of a program that receives federal assistance. Burks v. Wis. Dep't of Transp., 464 F.3d 744, 755 (7th Cir. 2006). Under this fourth element, to bring her claim within the Rehabilitation Act's scope, Johnson must allege that AFSCME receives or received federal financial assistance and discriminated against her because of her disability. See Phipps v. Sheriff of Cook County, 681 F. Supp. 2d 899, 911 (N.D. Ill. 2009). This she cannot do.

In response to Johnson's motion, AFSCME points out that the union was not her employer, it did not exclude her from a position and it does not receive federal assistance. The union was merely an entity that maintained a collective bargaining agreement with the City. Therefore, according to AFSCME, Johnson's claim pursuant to the Rehabilitation Act is entirely

unfounded. The Court agrees with AFSCME on this point. When Congress drafted the Rehabilitation Act, it made clear that liability under the Act can only be established against those entities, programs or activities that receive federal financial assistance and exclude a disabled individual from participating in those entities, programs or activities because of his or her disability. 29 U.S.C. § 794(a) ("No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal Financial assistance . . . ."). Under a plain reading of the statute, AFSCME is not a proper defendant in this case. See Johnson v. Principi, No. 03 C 1367, 2004 WL 2033258, at *2 n.3 (N.D. Ill. Sept. 3, 2004) (finding that union defendants do not qualify as covered entities under the Rehabilitation Act). The amended complaint can be dismissed for this reason alone.

Furthermore, AFSCME contends in the alternative that, even if it were Johnson's employer and received federal funds, Johnson's fair representation claim must be dismissed because this Court lacks subject matter jurisdiction in such cases. Indeed, in Illinois, a union's breach of its duty of fair representation constitutes an unfair labor practice and is thus subject to the Illinois Public Labor Relations Act's remedies and administrative procedures. Foley v. Am. Fed'n of State, County, and Mun. Employees, 556 N.E.2d 581, 583 (Ill. App. Ct. 1990). In turn, a claim for unfair representation against a labor union is a claim within the jurisdiction of the Illinois Labor Relations Board; it is not a claim that plaintiffs can bring in this Court pursuant to the Rehabilitation Act. Cessna v. City of Danville, 693 N.E.2d 1264, 1268 (Ill. App. Ct. 1998) (concluding that plaintiff's claims against the union for unfair representation are within the exclusive jurisdiction of the Illinois Labor Relationship Board and thus were properly

dismissed). The Court need not dwell on this issue, except to say again that AFSCME is not a proper defendant in this case. The union's motion to dismiss is granted with prejudice.

**C. The City's Motion to Dismiss**

As for the City, it first contends that Johnson's Rehabilitation Act claim fails because, as alleged, Johnson is not the intended beneficiary of the federal financial assistance that the City received; thus, according to the City, she cannot sufficiently allege the Rehabilitation Act's federal-funding requirement. The problem with this argument is that Johnson specifically alleged that the Department received federal funding to carry out the work of the division with which she worked. She also alleged that the Department, which received federal funds, excluded her from a position because of her disability. These allegations are neither vague nor "wholly insufficient," as the City would have us believe. It is well-settled that liability under the Rehabilitation Act rests with the entity who directly receives the federal funds, see Grzan v. Charter Hosp. of Nw. Ind., 104 F.3d 116, 119 (7th Cir. 1997), which, in this case, is the City. It is unnecessary for a plaintiff to allege that he or she was the intended beneficiary of government funds to state a claim under the Rehabilitation Act. Accordingly, drawing all inferences in Johnson's favor, her allegations are enough to survive a motion to dismiss. See generally Phipps v. Sheriff of Cook County, 681 F. Supp. 2d 899, 912 (N.D. Ill. 2009). The city's motion is denied with respect to Johnson's claim under the Rehabilitation Act.

Finally, the City urges the Court to dismiss Johnson's ADA claim because it is time-barred. Johnson filed her EEOC charge on February 18, 2009. There is no dispute that she had 300 days from the date of the adverse employment decision to do so. And, the City claims that Johnson pled herself out, because she claims to have been denied an accommodation on March 17, 2008, which is 339 days before the February 18, 2009 deadline. But the City's position

understates the record, as several questions remain as to the actions the City took at the conclusion of the meeting on March 14, 2008. First, the record does not contain the letter that Johnson apparently received in which the City denied her accommodation request. Aside from Johnson's assertion, there is nothing to substantiate the date that the City relies upon. Second, the record contains two letters in which the City apparently terminated Johnson's employment. One of those letters referred to a pre-disciplinary hearing that Johnson did not participate in. Johnson alleges that she was not notified of any pre-disciplinary hearing. It is plausible to infer from this scenario that Johnson, a *pro se* litigant, was not well-advised regarding what the City sought to do about her accommodation and employment, as the record reflects that there was much confusion as to what exactly happened to Johnson in March 2008 and thereafter. Again, drawing all inferences in favor of Johnson, as the Court must do at this point in the proceedings, the Court cannot say for certain that her EEOC charge came too late. The City's motion to dismiss is therefore denied on these grounds.

The Court notes that the City's motion is not without merit. The City's arguments, in fact, are well-taken. And perhaps minimal discovery will shed some light on many of the questions that remain outstanding. But until then, given Johnson's *pro se* status, the Court must be mindful of the long-standing tenet that, when interpreting a *pro se* litigant's complaint, district courts have a "special responsibility" to construe such pleadings rather liberally. Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("a pro se complaint, however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers"); Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996). In this light, the Tenth Circuit once stated, "[I]f the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his

confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). The parties shall proceed with discovery.

### III. CONCLUSION

For these reasons, Defendant AFSCME Counsel 31 and Local 505's motion to dismiss is granted with prejudice. Defendant City of Chicago's motion to dismiss is denied.

IT IS SO ORDERED.

ENTER:

CHARLES R. NORGLE, Judge
United States District Court

DATED: September 22, 2010